IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:12-CV-48-BO

| | |
|---|---|
| SHEILA FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on May 31, 2013, at Edenton, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively applied for DIB on February 26, 2008, alleging disability beginning February 1, 2006. After her claim was initially denied, an Administrative Law Judge (ALJ) conducted a hearing and considered the claim de novo and found that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited

to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays,* 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding at step one that plaintiff met the insured status requirements and that she had not engaged in any substantial gainful activity from her alleged onset date through her date last insured, the ALJ determined that plaintiff had the following severe impairments: low back pain, neck pain, morbid obesity, depression, tobacco abuse, bilateral carpal tunnel syndrome, knee pain, and allergies. None of plaintiff's impairments or combination of impairments were found to meet or equal a listing at step three, and the ALJ found that plaintiff had a residual functional capacity (RFC) to perform light work with additional exertional and non-exertional limitations. At step four, the ALJ found that plaintiff could not perform any past relevant work, but found at step five that, considering

plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

After reviewing the record and considering the arguments presented at the hearing, the Court finds that a remand of this matter is appropriate. In order to determine whether jobs existed in significant numbers that plaintiff could perform, the ALJ relied on the testimony of a vocational expert (VE). A VE's opinion is not relevant or helpful if it is not based on a consideration of all the other evidence in the record and is not in response to a proper hypothetical that fairly sets out a claimant's impairments. *Hines v. Barnhart*, 453, F.3d 559, 566 (2006).

Here, the ALJ's hypotheticals posed to the VE were flawed because they failed to adequately address plaintiff's depression and pain and their effects on her ability to work in a collaborative setting. Although the ALJ summarily adopted the findings of the non-examining state-agency physicians regarding plaintiff's functional assessments in full, the ALJ failed to include in his hypothetical any limitation on plaintiff's ability to interact with supervisors – a work activity with which the most recent state agency physician found plaintiff would have moderate difficulty. Tr. 1094. One state consultative examiner in this matter also found plaintiff to have mild to moderate interpersonal difficulties, Tr. 795, while another consultative examiner found that plaintiff's "[p]rognosis for employment [was] guarded due to chronic pain and depression and morbid obesity." Tr. 762.

Plaintiff's chronic pain is well-documented throughout the medical record and, even assuming that the ALJ properly failed to find plaintiff's subjective testimony *fully* credible, he failed to properly consider the cumulative effects of plaintiff's pain and depression when determining

3

plaintiff's RFC. 42 U.S.C. § 423(d)(2)(B); *Reichenbach v. Heckler*, 808 F.2d 309, 312 (4th Cir. 1985); *Combs v. Weinberger*, 501 F.2d 1361, 1363 (4th Cir. 1974). Additionally, a remand in this matter would allow the ALJ to address in the first instance the newly submitted opinion evidence of Dr. Gottovi, a treating physician whose opinion on plaintiff's ability to perform work activities and functional capacity should be entitled to some if not great weight. 20 C.F.R. § 404.1527.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED, defendant's motion for judgment on the pleadings [DE 33] is DENIED, and this matter is REMANDED to the Commissioner for further proceedings consistent with this order.

SO ORDERED, this 30 day of July, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4